### James A. Roberts *v.* Melville Collett.

**Boundaries—Designation of Lines—Proof.**

> Boundary lines of land may be designated by physical or natural objects set up for that purpose, by the owners, or fixed and established by the surveyor in the presence of witnesses, or both means, and in such cases the exact location of a given line must be proven by witnesses.

**Boundaries—Locating Patent—Ambiguity—Question for Court.**

> The manner of locating a patent, when there is ambiguity in the calls, is a question of law to be determined by the court, and can not be submitted to a jury.

APPEAL FROM WARREN CIRCUIT COURT.

April 22, 1873.

Opinion by Judge Peters:

The grounds relied upon mainly for a reversal of the judgment of the court below are two. The giving of certain instructions asked for by appellee, to which appellant objected, and the refusal of the court to give those numbered 1, 3, 4 and 6 asked for by him.

The first instruction asked for by appellant and which the court refused reads substantially as follows: "Two patents having been read by defendant subject to all legal exceptions, one to Robert Reese for 170 acres, and the other in the name of Robt. Reese, assignee of Stephen Thompson, for 35 acres, and each of said patents calling for a stake on a line of William Jones' 200-acre survey, assignee of Thomas Hendrick, and thence with said line, and the defendant having failed to introduce or read any survey or patent in the name of Wm. Jones, assignee of Thomas Hendrick, or Hendricks, the plaintiff moved the court to instruct the jury that the calls in said

patents calling for a survey in the name of Wm. Jones, assignee of Thomas Hendricks, when no such survey or patent had been produced, was no evidence of the position of such survey on the ground, or that such a survey existed, and should be disregarded as evidence in locating the position of the Robert Reese patent for 170 acres, or any other patent read as evidence in this action, which the court refused."

The legal proposition presented by that instruction is that unless the defendant had produced and read to the jury a patent or a survey in the name of Wm. Jones, assignee of Thomas Hendricks, he could not prove that said Jones as assignee as aforesaid, had a known or reputed line, or had any land in the vicinity which he claimed to be bounded in part by that particular line unless paper evidence of title to the land in said Jones was first produced.

It may be observed in the first place that while it is stated that the two patents to Reese were read subject to legal exception, no motion appears to have been made to exclude them, and no exception was taken to them as evidence, consequently, as both of said patents call to run with a line of Wm. Jones, assignee of, etc., it would seem that it would be proper and competent to prove by parol where said Wm. Jones' line was in order to locate said patents. But, waiving that, if a patent or a survey be required to be produced before a line of a claimant to land could be proved a possessory right to land could never be established; the mere courses and distances, and even objects called for in a patent do not of themselves fix the boundary of land, but the lines by which different tracts of lands are bounded and separated from other tracts are facts cognizable by physical or natural objects, set apart for the purpose, or fixed and established by a surveyor with his instruments in the presence of witnesses, or by both means, and whether it be by the one mode or the other, the exact locality of a given line must be proved by witnesses. A person may be in possession of land to a designated or specified line or it may be a reputed line called for and his boundary or lines as well known, and as easily proved as if they were specified in a patent. The instruction as asked was therefore properly refused.

In *Handley's Heirs v. Young,* 4 Bibb. 376, this court held that pursuing from a particular point—course called for, a line would be found, which was known in the neighborhood by the name of Har-

rison's line; that it is not proved in fact to be Harrison's line, we do not deem material; for a call for an object, by its *reputed* name is sufficient, as is clearly established by the repeated decisions of this court.

For the reasons that Instruction No. 1 was refused the court properly rejected Instructions Nos. 3 and 4.

Instruction No. 6, which was refused, reads as follows: "The court instructs the jury that where there are doubts as to the true mode or plan of locating a survey, or patent, and the testimony would allow its location in more than one manner, and any mode of location would allow the claimant under the patent the full acres called for, that mode of locating it most favorable to the claimant should be selected."

How a patent shall be located when there is an ambiguity in the calls, is a question of law to be determined by the court, and can not be a question of fact to be submitted to a jury.

In the earlier reports numerous cases are to be found where the chancellor has been appealed to, to fix the form of entries and surveys where there were ambiguities, repugnancy or mistake in their calls, but the court is aware of no case in which such a question was submitted to a jury.

No exceptions were taken to the ruling of the court below in giving Instructions Nos. 11 and 12, and no available error is perceived in giving the others which were asked for by appellee. And there certainly is not such a preponderance of evidence against the verdict as would authorize this court to interpose and grant a new trial contrary to the opinion of the circuit judge.

Let the judgment be *affirmed.*

*Underwood, for appellant.*

*Rodman, for appellee.*